■ MARK EISENBERG, Individually and as Father and Natural Guardian of LAUREN EISENBERG, an Infant, Respondent, v

EAST MEADOW UNION FREE SCHOOL DISTRICT, Defendant, and VALLEY STREAM CENTRAL SCHOOL DISTRICT, Appellant. [739 NYS2d 390] —In an action to recover damages for personal injuries, etc., the defendant Valley Stream Central School District appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated December 11, 2000, which granted that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict in its favor as against the weight of the evidence, and ordered a new trial.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict in its favor as against the weight of the evidence is denied, and the verdict is reinstated.

This action arises from an accident which occurred on May 19, 1993, in the gymnasium of Valley Stream South High School (hereinafter Valley Stream). The plaintiff Lauren Eisenberg (hereinafter the plaintiff) allegedly was injured when she tripped and fell over an electrical cord or wire which connected the scorer's box to an outlet. The plaintiff was a student manager of the East Meadow High School (hereinafter East Meadow) boys' varsity volleyball team. The East Meadow team had arrived early for a game being hosted by Valley Stream and was warming up on the floor. Meanwhile, the coach for Valley Stream started to set up the scoring device, which consisted of a scorer's box connected to a long cord which was plugged into a designated outlet. He had placed the scorer's box on the scorer's table, run the cord under the bleachers, and gone behind the bleachers to plug in the cord. He was just on his way back to the scorer's table, when he learned that the plaintiff had tripped and fallen over the cord, which he was about to tape. It was undisputed that the cord was not taped to the floor when the accident occurred.

The plaintiffs' attorney argued to the jury that the defendant Valley Stream Central School District (hereinafter the defendant) was negligent because its employee created a hazardous condition, citing trial testimony by the Valley Stream coach that he usually taped the cord and considered an untaped cord to be a hazard. The defendant argued that it was not negligent because the condition was open and obvious and one of which the plaintiff was well aware, and there had not been enough time to tape the cord before the accident occurred.

The jury returned a verdict for the defendant, finding that it had not been negligent. The plaintiffs' motion to set aside the verdict was granted. On appeal, the defendant contends that

the jury could have concluded that it was not negligent based on a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). We agree.

There was conflicting evidence as to whether leaving the cord untaped was considered a hazard. Although the coach for Valley Stream testified that he usually taped it because he considered it a hazard, he also testified that it was not official policy to tape it. The coach for the East Meadow team testified that some schools taped it, while other schools did not. When the East Meadow coach was asked if he had observed any unsafe or dangerous condition before the accident, he replied that he had not, otherwise he would have brought it to the attention of the Valley Stream coach. The plaintiff testified that in her three years of experience as a manager the cord was not always taped. On these facts, we conclude that the jury could have determined that the Valley Stream coach exercised the degree of care a reasonably prudent coach would have used under the circumstances and was not negligent. Accordingly, the motion to set aside the verdict should have been denied. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.